IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLAND SOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  05-847 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment (Docket Nos. 5 and 6).  Both parties have filed briefs in support of their Motions (Docket Nos. 5 and 7).  Plaintiff also filed a Reply Brief.  (Docket No. 9-2).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 6) and denying Plaintiff's Motion for Summary Judgment (Docket No. 5).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act").

42 U.S.C. §§1381-1383.  On December 6, 2002, Plaintiff filed his third application[1] alleging that he was disabled due to hepatitis C, diabetes, asthma, arthritis, and high blood pressure. (R. 75-77, 81, 90-94).   Administrative Law Judge Lee Bukes held a hearing on December 10, 2003, at which time Plaintiff, who was represented by counsel, testified, and a vocational expert testified.  (R. 337-372).  On May 27, 2004, the ALJ found that Plaintiff is not disabled, and, thus, not entitled to SSI payments. (R. 17-34).  After exhausting his administrative remedies, Plaintiff filed this action.

The parties have filed cross-motions for summary judgment. (Docket Nos. 5 and 6).  The issues are now ripe for review.  I will address each issue in turn.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971).  Additionally, the Commissioner's findings of fact, if

---

[1] Plaintiff filed two previous applications for benefits both of which were denied.  (R. 17-18). Both decisions are now final and not open for reconsideration.  20 C.F.R. §416.988.  Consequently, the only time period at issue is December 6, 2002, the current application date, through May 27, 2004, the date of the Administrative Law Judge's ("ALJ") decision. Therefore, contrary to Plaintiff's position, any prior findings are simply irrelevant to the ALJ's decision regarding the current application.  *See,* AR 00-1(4), *3 (Jan. 12, 2000) ("[W]hen adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.  SSA does not consider prior findings made in the final determination or decision on the prior claim as evidence in determining disability with respect to the unadjudicated period involved in the subsequent claim."

2

supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security disability benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual

functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.   WEIGHING MEDICAL EVIDENCE**

Plaintiff submits that the ALJ improperly disregarded the medical evidence that suggests that Plaintiff can only work at the sedentary level and, as a result, the ALJ's decision is not supported by substantial evidence.  (Docket No. 5-2).  "A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel,* 225 F.3d 310, 317 (3d Cir.2000), *quoting, Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999). However, a treating physician's opinion receives controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record.  20 C.F.R. §404.1527(d)(2).  Thus, the ALJ can provide more or less weight to the diagnosis depending upon supporting explanations. *Plummer,* 186 F.3d at 429.  Stated another way, a treating physician's

4

opinion is not always entitled to controlling weight. Rather, the treating physician's opinion must be well supported by medical techniques and consistent with his treatment. *Fargnoli v. Massanari*, 247 F.3d 34, 43 (3d Cir. 2001). In deciding the weight to be given to any medical opinion evidence, the ALJ must consider the examining relationship, treating relationship, supportability, consistency, specialization and other factors that tend to support or contradict opinion evidence. 20 C.F.R. §404.1527.

Plaintiff seems to first suggest that the ALJ did not consider Dr. Moore's psychological evaluation of Plaintiff on January 13, 2003, wherein Dr. Moore assessed Plaintiff as having poor judgment. (Docket No. 5-2, p. 11-12). After a review of the record, I disagree. To begin with, I note that Plaintiff concedes that he is not arguing that he is disabled due to mental impairments. (Docket No. 5-2, p. 11, n.2). Furthermore, while Dr. Moore assessed Plaintiff's ability to use judgment as "poor," the ALJ credited this assessment by asking the vocational expert to identify jobs that would exist for individuals with, *inter alia,* "poor judgment." (R. 7, 17, 229, 370). Consequently, I find no merit to this proposition.

Next, Plaintiff seems to be arguing that the ALJ erred in not accepting the opinion of Dr. Dobkin, a one-time agency examiner, who examined Plaintiff on January 14, 2003, and found that Plaintiff was limited to sedentary work. (Docket No. 5-2, p. 12); *see also,* R. 231-44. The ALJ rejected Dr. Dobkin's sedentary restrictions because he believed that while Dr. Dobkin may have accurately described the Plaintiff's condition on that day, it was not reflective of his overall condition on a

regular basis as set forth in other medical records. (R. 28). A review of the record reveals that there is substantial evidence to support the ALJ's conclusion that Dr. Dobkin's one time examination was not reflective of Plaintiff's overall condition on a regular basis. To begin with, Dr. Dobkin was performing a physical examination of Plaintiff. Yet, Plaintiff failed to report that he had fallen recently in a parking lot while attending a Steelers game in Tennessee, as he had relayed to Dr. Moore just the day before. (R. 28, 221, 231-36). This is a factor that would have been relevant for a physical examination.

Moreover, many of Dr. Dobkin's opinions were based on Plaintiff's own reports of pain and not on objective medical evidence. (R. 231-35). This is evidenced by Dr. Dobkin's statements in rendering his opinions.

> ...Standing and Walking: I think this guy could do may be one or two hours at most. <u>He seems to be in a lot of pain.</u> Sitting: I think he would sit less than six hours, again, <u>because of pain.</u> I would say he probably could sit between three and four hours. Pushing and Pulling: <u>He seems to have problems with motion of his shoulder</u>, so I would say he would be limited in his upper extremity. I think he could probably push buttons, but I do not think he could pull very well. As far as his postural activities, I think he could bend very occasionally. I do not think he could kneel at all or stoop, crouch, balance or climb at all. <u>This is by the way he had problems even getting up of (sic) my exam table and because of how he walked.</u>...

(R. 235)(Emphasis added). The ALJ found, however, that Plaintiff was not credible, a finding reserved for the ALJ and not challenged by Plaintiff.

Furthermore, Dr. Dobkin's report noted a couple of times that Plaintiff was obese, weighing in on January 14, 2003, at 201 pounds (R. 233-34), while just one day

6

prior Plaintiff was weighed by a registered nurse at Dr. Moore's office who indicated a 26 pound difference, weighing Plaintiff in at only 175 pounds. (R. 218). There is no indication from any other record that Plaintiff is obese. Finally, there is no objective medical evidence to support a conclusion that Plaintiff would be restricted to carrying 2-3 pounds. Consequently, I find no error in this regard.

Plaintiff next seems to suggest that the ALJ should not have given any weight to Dr. Tran's residual functional capacity ("RFC") assessment of Plaintiff completed on February 27, 2003. (R. 245-55). Specifically, Plaintiff complains that Dr. Tran was a non-examining physician, whose opinion was rendered 10 months before the administrative hearing and 15 months before the administrative decision. (Docket No. 5-2, p. 12). I find this argument to lack merit. Simply because Dr. Tran was a non-examining physician does not mean that the ALJ could not consider the evidence. Moreover, pursuant to 20 C.F.R. §404.1527(d), every medical opinion received by the ALJ must be evaluated in accordance with the guidelines set forth therein. Thus, it was proper for the ALJ to consider the evidence. Furthermore, Plaintiff fails to cite to any authority that the ALJ should not have afforded the assessment any weight because it was conducted too long prior to the hearing. So long as the medical evidence is within the applicable time period, and it was, I find that it was proper for the ALJ to consider the medical assessment.[2]

---

[2] Additionally, I note that Plaintiff's counsel's argument regarding the date of the assessment in relation to the date of hearing is inconsistent with Plaintiff's counsel's previous argument. Specifically, Plaintiff's counsel is objecting to the ALJ's acceptance of a report because of the date of the report, February 27, 2003. (Docket No. 5-2, p. 12). In the paragraph prior, however, Plaintiff's counsel is arguing that the ALJ erred in not crediting a medical report conducted approximately six weeks earlier on January 14, 2003. *Id.*

7

Plaintiff also argues that the ALJ erred in rejecting the medical source statement of Dr. Koduri, a doctor within his treating physician's office, rendered on October 23, 2003. (Docket No. 5-2, p. 13); (R. 296-97). The ALJ did not give Dr. Koduri's medical source statement "controlling weight" because sections of the statement were not completed (*see* R. 296-97), and the medical source statement only minimally addresses Plaintiff's complaints of knee pain and the peripheral neuropathy and provided no functional assessment. (R. 28). The ALJ did, however, give weight to the medical source statement "to the extent it is consistent with the other evidence of record." (R. 28). A review of the record reveals that the medical source statement is not complete. (R. 296-97). Dr. Koduri did not complete the lifting and carrying section. (R. 296). He did not indicate any specific limitation on Plaintiff's ability to stand and walk while using his cane. (R. 296). Finally, he did not complete the environmental restrictions section. (R. 297). Furthermore, the Third Circuit has explained that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir.1993); *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999) (ALJ can provide more or less weight to the diagnosis depending upon supporting explanations). Thus, I find that the ALJ did not err in only according weight to the medical source statement to the extent that it was consistent with the other evidence of record.

Plaintiff then argues that the ALJ "callously picked and chose through Dr. Gibbs-McElvy's [post hearing] consultative opinion" dated February 11, 2004. (Docket

No. 5-2, p. 14; Docket No. 9-2). Dr. Gibbs-McElvy opined, *inter alia,* the following:

> Currently, I do believe that the patient will be limited to lifting and carrying 20 pounds frequently, 25 pounds occasionally secondary to his left shoulder pain and limited range of motion, as well as his low back pain. His standing and walking will be limited to two hours and accumulative eight-hour a day with 15 minutes without interruption <u>secondary to his complaints of pain in his leg</u>. He will have no sitting impairment. The patient will be able to occasionally kneel, crouch, stoop, and never be able to balance, climb, or crawl. The patient will have no difficulty with seeing, feeling, handling, speaking, reaching, and hearing. He will have some limitations with pushing and pulling as labeled in the lifting, carrying, and walking sections. He will have environmental restrictions including moving machinery, vibration, and humidity.

(R. 327) (Emphasis added). Because Dr. Gibbs-McElvy's stand and walk restriction was secondary to Plaintiff's complaints of pain[3] and not the objective evidence, the ALJ discounted this particular restriction. (R. 29). Contrary to Plaintiff's position, I do not find this to be "cherry picking." Rather, I find that the ALJ appropriately discounted only those portions that were inconsistent with the objective evidence of record, while weighing the other portions appropriately. 20 C.F.R. §404.1527. Moreover, the issue of credibility is one for the ALJ. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). Consequently, I find the ALJ did not err in this regard.

<u>* * * * * * * * * * * * * * * * * * * * * *</u>

---

[3] I have previously noted that the Plaintiff has not challenged the ALJ's finding that the Plaintiff is not credible due to numerous inconsistencies in the record. (R. 30).

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLAND SOWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-847 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

THEREFORE, this **8th** day of February 2006, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 5) is denied and Defendant's Motion for Summary Judgment (Docket No. 6) is granted. Judgment is entered in favor of Defendant and against Plaintiff. This case is closed.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

10